**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WAUSIMAN PEREIRA-BORGES and LUCIANA LIMA-DA SILVA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74336 <br><br> Agency Nos.     A078-265-077 <br>            A078-265-081 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2011[**]
San Francisco, California

Before: THOMAS and MURGUIA, Circuit Judges, and ALBRITTON, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William H. Albritton, III, Senior District Judge for the
U.S. District Court for Middle Alabama, Montgomery, sitting by designation.

Wausiman Pereira-Borges, a native and citizen of Brazil, petitions for review of the BIA's denial of his asylum application and final order of removal. Because the parties are familiar with the history of the case, we need not recount it here. We grant the petition for review and remand.

An asylum applicant is not entitled to relief if he can avoid future persecution by relocating to another part of his country of nationality. *Afriyie v. Holder,* 613 F.3d 924, 934 (9th Cir. 2010). The government has the burden to prove that Pereira-Borges can reasonably relocate within Brazil because the BIA determined that Pereira-Borges had demonstrated past persecution and was presumed to have a well-founded fear of future persecution. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir. 2003). Additionally, the BIA must presume that Pereira-Borges faces a nationwide threat of persecution and that internal relocation is unreasonable because he was persecuted by police officers. *Id.*

In this case, the BIA determined that Pereira-Borges could reasonably relocate within Brazil. After it issued its order, we issued our decision in *Afriyie,* which clarified relocation analysis. Under *Afriyie*:

> [A]djudicators should consider, but are not limited to considering, whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender,

health, and social and familial ties. These factors may, or may not, be relevant, depending on all the circumstances of the case, and are not necessarily determinative of whether it would be reasonable for the applicant to relocate.

613 F.3d at 934 (citing 8 C.F.R. § 1208.13(b)(3)). The BIA must "evaluate[] the relocation issue in accord with the proper burden of proof" and it must "consider[] the requisite regulatory factors pertinent to the reasonableness analysis" outlined in 8 C.F.R. § 1208.13(b)(3). *Id.* at 935.

While the BIA cited 8 C.F.R. § 1208.13(b) in Pereira-Borges' case, it did not explicitly consider the regulatory factors that it was "bound to take into account." *Id.* (internal quotation marks omitted). Under *Afriyie*, if it is unclear whether the BIA considered the reasonableness factors, the case must be "remand[ed] for clarification." *Id.* Even if the BIA relied on the IJ's findings here, it is also unclear whether the IJ explicitly considered the 8 C.F.R. § 1208.13(b)(3) factors in his analysis. *See Boer-Sedano v. Gonzalez,* 418 F.3d 1082, 1090 (9th Cir. 2005) ("[T]he relevant regulation *requires* the IJ to consider the [8 C.F.R. § 1208.13(b)(3)] factors, to decide whether any of them made relocation unreasonable." (emphasis added)).

Therefore, in light of our subsequent decision in *Afriyie*, we grant the petition for review and remand the case to the BIA to (1) reevaluate the relocation

evidence in light of the government's burden of proof with the presumption that internal relocation is unreasonable and (2) to explicitly determine whether relocation would be reasonable under the factors described in 8 C.F.R. § 1208.13(b)(3).

**PETITION FOR REVIEW GRANTED; REMANDED**